Nov. Term, 1825.

REED
v.
CARTER.

(1) Ante, p. 51. Stat. 1823, p. 160.

---

## REED v. CARTER.

An execution-debtor paid to the sheriff the amount due, except a small balance which could not then be ascertained, and promised to pay that when called on. The sheriff afterwards by virtue of the execution on which 15 dollars and 25 cents were due, without calling on the debtor, sold 100 acres of land worth 15 or 20 dollars an acre for 351 dollars and 25 cents. *Held,* that the sale was an abuse of the sheriff's powers, and would be set aside by a Court of chancery, though a Court of law could not interfere.

*Saturday, November 26.*

APPEAL from the *Harrison* Circuit Court.—The motion in this case was made by the appellee, and sustained by the Court

below. The appellant was the purchaser at the sheriff's sale.

SCOTT, J.—On a motion in the *Harrison* Circuit Court to set aside an execution and sale of real estate, it was shown to the Court, that the property in question had been taken in execution under a fieri facias by *J. Paddacks*, then sheriff of *Harrison* county, in *October*, 1823, and not sold for want of time. A venditioni exponas was issued in *October*, 1824, in pursuance of which the property was sold by *J. Keller*, the deputy of *J. Shields*, sheriff of said county. The judgment was originally 138 dollars and 60 cents. While the first execution was in the hands of *Paddacks* the defendant discharged the debt, except a small balance which could not at that time be ascertained. When the land was advertised, the defendant paid *Keller* 17 dollars more, and promised that if there should be still any balance remaining, which could not then be ascertained, he would settle it when called on. Without calling on the defendant, *Keller* went on to sell 100 acres of land, worth 15 or 20 dollars per acre, for 351 dollars and 25 cents; 15 dollars and 31 cents of which appear by the return to be due the plaintiff on the execution.

A sale under such circumstances, as are here stated, carries on its face its own condemnation: it is an abuse of the powers with which the sheriff is intrusted, and leads to manifest oppression and injustice. An officer is not bound to sell all the property levied on; and if the statements here made are true, it is evident that a few acres out of one corner of the tract would have been sufficient to satisfy the whole demand. Had the application been regularly made to a Court of chancery, and such a case made out as here stated, the relief prayed for might have been afforded. The facts of the defendant's having discharged the debt except a small sum, his willingness to discharge the balance as soon as it could be ascertained, connected with the gross inadequacy of the price for which the property was sold, and the great disparity between the sum raised by the sale and the balance due on the execution, are circumstances properly within the jurisdiction, and subject to the control of a Court of chancery (1). We have thought proper thus far to intimate our opinion of the case as stated in the record before us, that the parties may not be misled by our decision. But we are not aware that a Court of law can interfere in this summary way to set aside the sale. Several objections were made at the bar to the regularity of the levy, the venditioni exponas, the officer's making the sale, the

Nov. Term, 1825.

want of inquest, &c., which we deem it unnecessary now to notice. The party complaining mistook his remedy; and the decision of the Circuit Court must be reversed.

*Per Curiam.*—The judgment is reversed with costs.

*Payne,* for the appellant.

*Nelson,* for the appellee.

(1) A sheriff, under an execution for 10 dollars and 25 cents, sold the defendant's moiety of two tracts of land containing together 446 acres for 13 dollars; the moiety sold being worth 800 dollars. The Court of chancery, though no fraud was proved, set aside the sale. It was said in this case by the Court, that only so much of a defendant's property ought to be sold at one time, on execution, as a sound judgment would dictate to be sufficient to pay the debt, provided the part selected can be conveniently and reasonably detached from the residue and sold separately. *Tiernan* v. *Wilson,* 6 Johns. C. R. 411.