REED *v.* DIVEN.

Where real estate is levied upon, under the R. S. 1852, which is divisible, it is the duty of the sheriff to offer no more of it for sale than is necessary to discharge the execution; but where the entire tract is requisite to satisfy the execution, the whole may be offered at once.

Lands levied upon by execution, though contiguous, were plainly marked in separate parcels, and, exclusive of incumbrances, were worth a large amount more than the amount of the execution. The sheriff sold the whole in one body, for a sum less than the amount of the execution, to the execution-plaintiff. *Held,* that the sale was properly set aside.

It is not incumbent upon an execution-defendant, in order to have his real estate levied upon by execution sold in separate parcels, to furnish to the sheriff a map or other description showing that the land lies in separate tracts. The sheriff must himself ascertain the fact.

A sheriff, at the time of selling certain real estate upon execution, represented that a mortgage, which was a lien upon part of the lands levied upon, covered the whole, and that an execution which was a subsequent incumbrance to that upon which the land was sold, was a prior one. The land was purchased by the execution-plaintiff.

*Held,* that whether the sheriff knew his representations to be untrue or they were the result of misapprehension, was of no consequence.

*Held,* also, that the representations furnished sufficient ground for setting aside the sale.

APPEAL from the *Henry* Circuit Court.

DAVISON, J.—The object of this suit was to set aside, as fraudulent and void, a sale and conveyance of real estate, made by the sheriff of *Henry* county. *Reed* and *Shelly,* the latter being the sheriff, and the former the sheriff's vendee, were the defendants below. Upon demurrer to their answer to the complaint, a decree passed in favor of *Diven,* the appellee.

The facts admitted and set up by the answer are substantially these:

*Reed,* on the 5th of *July,* 1854, recovered a judgment in the *Wayne* Common Pleas against *Diven* for 177 dollars. A transcript of this judgment was, on the 2d of *August* following, filed in the clerk's office of the *Henry* Circuit Court, and, at that date, became a lien on *Diven's* land. The judgment had been rendered without relief from appraisement laws, and upon it an execution was issued, which, on the 2d of *February,* 1855, was placed in the

Nov. Term,
1855.

REED
v.
DIVEN.

hands of the sheriff, who levied the same on certain lands situate in congressional township seventeen, of range ten, in *Henry* county, described thus: 1. Three hundred and twenty acres, being the north half of section sixteen. 2. Part of the south-east quarter of section sixteen, lying west of *Blue* river, containing fifteen acres. 3. Eighty acres, being the east half of the south-east quarter of section seventeen. 4. One hundred and twenty acres off of the west side of the south-west quarter of section nine. 5. The east half of the south-east quarter of section nine, containing eighty acres. 6. Fifty-one hundredths of an acre, out of the south-east corner of the west half of the south-east quarter of section nine. The whole contained six hundred and fifteen acres and was worth 14,000 dollars. The tracts numbered one, two, three and six are incumbered by a mortgage to one *Goodwin*, to secure the payment of 5,400 dollars in instalments, without interest, viz., 1,000 dollars due *January* 1, 1856; 1,000 dollars *January* 1, 1857; 1,000 dollars *January* 1, 1858; 1,000 dollars *January* 1, 1859; and 1,400 dollars *January* 1, 1860. This mortgage does not include forty acres off of the east side of the fourth tract; nor does it cover the eighty acres designated as tract number five; which land not included or covered, is worth 2,000 dollars: but on the eighty acre tract just named there is a mortgage in favor of one *Powell* for 300 dollars. There are also two judgments which are liens on the above real estate, one held by *Nancy Diven* for 495 dollars, and another by *Thomas Morris* for 30 dollars. These mortgages and judgments, in the aggregate, amount to 6,225 dollars, are subject to the appraisement laws, and liens prior to that of *Reed's* judgment, which, we have seen, was collectable without appraisement.

On the 2d of *March*, 1855, the sheriff, having then in his hands executions in favor of *Nancy Diven*, *Thomas Morris*, and *Ball* and *Davis*, which had been levied on said lands, offered the whole of them for sale in one body, on *Reed's* execution, and not on the other executions, and then sold the whole to the said *Reed* for 51 dollars, with-

out having offered the same in separate tracts or parcels. The sheriff, at the time of the above sale, represented to the persons present that *Goodwin's* mortgage covered all the land proposed for sale; also that the execution of *Ball* and *Davis*, amounting to 335 dollars, was an incumbrance prior to *Reed's* execution, when in truth it was the junior lien; but it is alleged that these representations were made through mistake, and without any fraudulent purpose.

On the 15th of *March*, 1855, the sheriff, pursuant to the above sale, executed a deed to the purchaser, whereby it appears that the lands were duly advertised; that the rents and profits for seven years were first offered; and that the sheriff's sale and conveyance were made subject to all antecedent liens. Before the sheriff executed the deed, viz., on the 7th of *March*, 1855, *Diven* notified the sheriff that the lands were not legally sold, and at the same time protested against his making a conveyance to the purchaser; and before the institution of this suit he tendered said purchaser 51 dollars, the amount for which he bid off the land. Prior to the sale, viz., on the 12th of *October*, 1854, the land in question was offered on various executions, in favor of *Ball* and *Davis* and others, both in a body and in separate parcels; but no bid could be obtained or sale effected.

It is alleged that the lands constitute one farm and are not in separate tracts.

We have a statute which provides that "real estate taken by virtue of any execution, shall be sold at public auction," &c., "and if the estate shall consist of separate lots, tracts and parcels, each shall be offered separately; and no more of any real estate shall be offered for sale, than shall be necessary to satisfy the execution, unless the same is not susceptible of division." 2 R. S., p. 141, s. 466. This provision imposes a duty on the sheriff which he may not omit. The property levied on, being divisible, he is restricted from offering more of it than may be necessary to discharge the debt in his hands for collection. It may, it is true, require the entire tract to satisfy the execu-

tion, and when this occurs the whole may be offered at once. In the present case there is no direct averment, either in the complaint or answer, that the lands are susceptible of division: still, it is very clear, from the manner in which they are described, that a sale of them in distinct parcels was quite practicable. Indeed, the answer admits that "the premises, and parts thereof," had, on other executions, been offered for sale. They are plainly marked in separate parcels, and conceded to be worth, over all incumbrances, at least 7,000 dollars. Hence, it would seem that the sheriff was not authorized to expose to sale the whole in one body, until he had offered them in separate quantities. Having done this, and thereby ascertained that the executions could not be satisfied by that mode of sale, he might then have offered the entire tract.

It is said in argument that "*Reed's* execution was not satisfied. If the whole of the land sold did not satisfy it, *a fortiori* a part could not." This reasoning does not fairly apply to the case. Many persons, upon consulting their means of payment, may have desired to purchase the eighty acre tract and the forty acre tract not included in *Goodwin's* mortgage, when the entire land, with that incumbrance resting upon it, was not within their reach. The two parcels just named are admitted to be worth 2,000 dollars. Including *Powell's* mortgage, the liens upon them amount to no more than 1,000 dollars. Now, it is within the range of probability, that more persons would desire the one hundred and twenty acres at the latter amount, than would bid for the whole tract at 7,000 dollars; and it may be that the offer *of so large* an amount of property in a body, for the payment of so small a debt, threw distrust over the transaction, prevented prudent persons from bidding at the sale, and that thereby *Reed*, the purchaser, was left without competition, when an offer to sell in separate parcels would have avoided the fear of illegality in the sale, and brought the amount within the reach of bidders.

It is said, also, that to bring the sheriff in default for selling an entire body of land without first offering it in

parcels, the execution-defendant must have furnished the sheriff, before or at the sale, a map or other description clearly showing that the land lay in separate tracts. The answer to this is, that the provision above quoted plainly indicates the sheriff's duty when the premises levied on are susceptible of division. In such case, he is bound to offer them in separate quantities. And here, it seems to us, he has no excuse for selling the whole of the land at once; because it was within his knowledge that the premises levied on and sold contained six parcels, each of which was specifically designated. We are advised that *Woods* v. *Monell*, 1 Johns. Ch. R. 502, cited by the appellant, favors the position that before the sale a map or description showing that the land lay in tracts, should have been furnished the sheriff. That decision, however, relates to the rule as it existed at common law. But our statute contains no such requirement. Under it, it seems to us, the sheriff himself, when he levies on real estate, must be presumed to know whether it is susceptible of division.

It appears that the sheriff, at the time of the sale, represented that *Goodwin's* mortgage covered all the land then offered, and that the execution of *Ball* and *Davis* was an incumbrance prior to that of *Reed's* execution. These representations were untrue; and whether they were the result of misapprehension or mistake, does not vary the case. In relation to this point we adopt the argument of the appellee:—"The sheriff assumed to know the facts and gave information on the subject; but whether he knew his statements to be false or not, the effect on the sale and the interest of *Diven* was the same." They were calculated to make a false impression on the minds of bidders, and operate as a fraud upon the execution-defendant.

The demurrer was, no doubt, properly sustained, and the decree of the Circuit Court setting aside the sheriff's sale, must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

C. H. Test, N. H. Johnson and J. B. Julian, for the appellant.

J. T. Elliott and W. Grose, for the appellee.