BANKS and Another *v.* BALES.

A tender of the price paid by a purchaser at sheriff's sale is not necessary, in order to maintain an action to set aside the sale and annul the deed.

The statute requires that no more land shall·be sold by the sheriff than is necessary to satisfy the execution, unless the same is not susceptible of division, and a duty is thus imposed upon him which he may not omit. In the absence of contrary. proof, however, it will be presumed that he discharged his duty in this respect.

APPEAL from the *Hancock* Common Pleas.

*Friday,
June 14.*

DAVISON, J.—This was a proceeding by the appellee, who was the plaintiff, against *Chilton Banks, Allen Wallace,* and *Mordecai Millard,* to set aside a sheriff's sale of real estate, and to annul a sheriff's deed made pursuant to the sale. The land in question is situated in *Hancock* county, and described as the east half of the north-east quarter of Section 19, Township 10, Range 8. *Millard,* one of the defendants, was the sheriff who made the sale, and deed, but the record fails to show that he appeared to the action. *Banks* and *Wallace* answered the complaint. The Court tried the issues, and found for the plaintiff; and, having refused a new trial, adjudged that the sale be set aside, and the deed be annulled, &c. The pleadings and evidence disclose these facts: *Columbus Stephens,* having recovered a judgment before a justice of the peace against *Bales,* the plaintiff, for $25, with costs taxed at $5.50, filed in the clerk's office of the *Hancock* Common Pleas, a transcript of said judgment, duly certified by the justice. On *July* 30, 1858, an execution was issued on the said judgment, by virtue of which the sheriff levied upon the above described land; and on *November* 13, 1858, having first offered the rents and profits thereof, for seven years, and there being no bid, he offered the fee simple of the whole tract, and then and there sold the same to the defendants, *Banks* and *Wallace,* for $24.50; and they having paid the purchase money, received from the sheriff a deed for the premises. Before he commenced this suit, the plaintiff tendered to *Banks* and *Wallace* $44.50, the amount paid by them on their purchase; but it appears that he failed, when

he filed his complaint, to bring the money into Court. There was evidence amounting to proof, that the land was worth, deducting all encumbrances, $500, and that the same was susceptible of division. The defendants, at the proper time, moved to dismiss the suit, on the ground that the money tendered by the plaintiff was not brought into Court. This motion the Court overruled, and the defendants excepted. If, to sustain this action, a tender was at all requisite, the money should have been deposited in Court when the complaint was filed. But we know of no principle, or authority, that requires such tender in a suit to set aside a sheriff's sale. The motion to dismiss was, therefore, correctly overruled.

As has been seen, the sheriff sold the entire tract without dividing, and without offering it in parcels. The statutory rule is, that "No more real estate shall be offered for sale than shall be necessary to satisfy the execution, unless the same is not susceptible of division." 2 R. S., § 466, p. 141. We have held that "this provision imposes a duty on the sheriff, which he may not omit." *Reed* v. *Diven*, 7 Ind. 189. It is true, in the absence of contrary proof, he will be presumed to have done his duty. But, in this instance, the execution in amount did not exceed $35, when the evidence shows that the land offered to satisfy it was worth at least $500. This was obviously more than should have been offered, in case the land was susceptible of division. In looking into the evidence, we are fully satisfied that it could have been divided so as to produce no material injury to its aggregate value. At all events, the Court below, sitting as a jury, has so decided, and we are not inclined to disturb its conclusions. It follows, the sheriff having thus failed to comply with the requirements of the statute, that the sale can not be upheld, and the sheriff's deed is, therefore, a nullity.

*Per Curiam.*—The judgment is affirmed, with costs.

*N. B. Taylor* and *G. Y. Atkison*, for the appellants.