## Lashley and Others *v.* Cassell.

Sheriff's Sale.—Gross inadequacy of consideration, with any departure from duty on the part of the sheriff, which may prove injurious to the rights of the execution defendant, in the sale of property, will authorize the court to set aside the sale. Page 602.

Same.—Where the execution defendant paid the principal and interest of the decree, and requested the plaintiff to notify the sheriff that the costs would be paid when called for, and the sheriff was so notified, and ordered by the execution plaintiff to proceed no further with the sale, and the sheriff sold the mortgaged premises, worth $7,000, to the attorney of the

execution plaintiff for the costs, ($16,) and no person was present on the part of the execution defendant at the sale; and where the thirty-two feet of ground sold was part of the ground on which was standing a three-story brick hotel, sixty-two feet front, and the ground sold terminated in the midst of the rooms in each story, and the property could have been divided in other ways without such injury:

*Held*, that where a sale is made for costs simply, and the officer acts for his own benefit, the court will scan his conduct with severe scrutiny, and afford prompt relief from official injustice or oppression.

*Held*, also, that when the purchaser is the attorney of the execution plaintiff, he is not entitled to the consideration which, in a case of less hardship, might be accorded to a purchaser without notice of all the facts.

*Held*, also, that it was the duty of the sheriff to have informed himself of the condition of the property he was about to sell to realize his costs; and it was an abuse of official discretion to sell the property so as to divide the rooms through every story of the building, when the debt could have been made without such injury.

APPEAL from the *Wayne* Circuit Court.

RAY, CH. J.—This action was brought by the appellee to set aside a sheriff's sale and subsequent deeds executed by the purchaser and his grantee. The complaint set forth the title of the plaintiff to the property, the recovery of a decree of foreclosure against it by one *Miller* for the sum of $75, the issuing to the sheriff of a copy of the decree, and the advertisment of the property by him for sale; and averred that before the day of sale the appellee paid to the execution plaintiff the full amount of the sum named in the decree, with interest, and requested him to notify the sheriff of that fact, and that the costs would be paid at any time when called for, which notice was given, and the sheriff was ordered by the execution plaintiff to proceed no further with said sale; that with full knowledge of all said facts, and being actuated by malice toward appellee, said sheriff proceeded to sell the whole of said mortgaged premises, worth $7,000, to the attorney of the plaintiff in the decree of foreclosure, for the sum of $16, being the amount of said costs, and that being the only bid for said property; that no person was present on the part of the appellee, and no person from *Richmond*, where

said property was situated, it being understood that, by arrangement between the appellee and the plaintiff in the suit for foreclosure, no sale of the property would take place. It was also averred that the thirty-two feet of ground so sold formed part of a property on which was standing a large and valuable hotel of brick, three stories high and sixty-two feet front, and that thirty-two feet could not be separated without great injury to the whole property, because the said thirty-two feet terminated in the midst of rooms on each story, etc.; whereas the property could have been divided in other ways without such injury; that sixteen feet might have been taken off, which would have given access to full rooms on each floor by a hall, and the same was worth the sum of $3,000; that on the rear and west side of said lot were alleys, which gave easy access to the back part of said premises; and the same might have been divided and sold without damage to the property, and would have produced more than sufficient to satisfy said costs; that said attorney, and the grantee claiming under him, had notice of said facts.

A demurrer was filed to this complaint, which was overruled by the court. It is insisted that this was error.

The law is well settled, that gross inadequacy of consideration, with any departure from duty on the part of the sheriff, which may have proved injurious to the rights of the execution defendant, in the sale of property, will authorize the court to set aside the sale. The case of *Reed* v. *Carter*, reported in 1 Blackf. 410, which was then before this court upon a motion to set aside the sale by the sheriff, was in many respects like the case at bar. There the execution defendant paid to the sheriff the amount due, except a small balance which could not then be ascertained, and promised to pay that when called upon. The sheriff afterward, by virtue of the execution, on which $15 were due, without demand, sold one hundred acres of land, worth from $1,500 to $2,000, for $351.25. In that case the law was stated as follows: "A

sale, under such circumstances as are here stated, carries on its face its own condemnation; it is an abuse of the powers with which the sheriff is intrusted, and leads to manifest oppression and injustice. An officer is not bound to sell all the property levied on. It is evident that a few acres out of one corner of the tract would have been sufficient to satisfy the whole demand. Had the application been regularly made to a court of chancery, and such a case made out as here stated, the relief prayed for might have been afforded. The facts of the defendant having discharged the debt, except a small sum, his willingness to discharge the balance as soon as it could be ascertained, connected with the gross inadequacy of the price for which the property was sold, and the great disparity between the sum raised by the sale and the balance due on the execution, are circumstances properly within the jurisdiction, and subject to the control of a court of chancery." A bill in chancery was afterward filed, and the sale set aside. Upon an appeal to this court, that decree was affirmed. 3 Blackf. 376. In the case now in judgment, the inadequacy of consideration was far more gross, and the sale was made for the costs simply; and it is proper that where the officer acts for his own benefit, he should be held to a strict discharge of his official duty. Where he does not stand as the impartial minister of the law, between the execution plaintiff and defendant, the court must scan his conduct with severe scrutiny, and afford prompt relief from official injustice or oppression. The purchaser, too, is the attorney of record of the plaintiff in the decree of foreclosure, and is not entitled to the consideration which, in a case of less hardship, might be properly accorded to one who was not chargeable with notice of all the facts.

It has not escaped our notice, that in some recent cases contained in the 19th and 20th volumes of our Reports, a disposition has been shown to follow the change in the rulings of the Court of Appeals of the state of *New York*,

based in that court upon a change of statute; in our court, upon a change of the judicial judgment.

We do not feel, however, that the case now pending requires from us a review of those decisions, as it will hardly be insisted that the action of the sheriff, in a sale to realize simply his costs, is to conclude the court upon a question of the divisibility of the property sold for his benefit, and under his official direction, especially where the purchaser is the attorney of record, and the price is grossly inadequate. In this case we hold it to have been the duty of the sheriff to have informed himself of the condition of the property he was about to sell to realize his costs, and it was an abuse of official discretion to sell the property so as to divide the rooms through every story of the building, when half the quantity of ground would have secured the debt, and also a proper division of the property. The view we have expressed renders unnecessary any examination of the question, whether, after the sum secured by the mortgage was paid, the sheriff could proceed under the decree for his costs.

As the facts proved upon the trial established the material averments of the complaint, and we hold them sufficient to sustain the decree of the court, the judgment below is affirmed, with costs.

*George Holland, John F. Kibbey, J. E. McDonald,* and *A. L. Roache,* for appellants.

*Charles H. Burchenal,* for appellee.