*S. K. Wolfe, J. E. McDonald, A. L. Roache* and *D. Sheeks,* for appellees.

---

Tyler and Others *v.* Wilkerson and Others.

DECEDENTS' ESTATES.—SUIT TO SUBJECT LANDS FRAUDULENTLY CONVEYED.— JURISDICTION OF CIRCUIT COURT.—The Circuit Court has jurisdiction of an application by creditors to subject lands alleged to have been fraudulently conveyed by a decedent to the payment of debts.

SAME.—That court cannot, however, give full relief in such cases, because the Common Pleas Court has exclusive jurisdiction of applications for the sale of the real estate of decedents for the payment of debts. The

Circuit Court can proceed no further than to decree that the lands are liable to be sold to pay such debts.

SHERIFFS' SALES.—APPRAISEMENT.—A sheriffs' sale of real estate without appraisement, where the law requires an appraisement, is void.

SAME.—SALES IN SOLIDO.—A sale by a sheriff of several distinct parcels of land in *solido,* without offering the several tracts separately, is void.

APPEAL from the *Jennings* Circuit Court.

FRAZER, J.—This was a suit by the appellants, creditors of one *William Tyler,* deceased, on their own behalf and on behalf of all other creditors of the deceased, to declare certain lands liable to be made assets for the payment of all the debts of the intestate. The complaint, after stating the amount of indebtedness on the 26th of *March,* 1841, to the several plaintiffs, and to some others creditors, and that there were also then large sums due to other persons, avers that a conveyance was made by the intestate, on that day, of the lands sought to be charged, to an infant son, without consideration, and to defraud the creditors; that he died intestate, and that his estate is insolvent; that the son afterwards, to secure a debt of his own, mortgaged the lands to *Wilkerson,* who had full notice of the fraudulent nature of the conveyance to the son; that *Wilkerson* obtained a decree for the sale of the land to satisfy his mortgage, and became the purchaser at such sale, for seven hundred and fifty dollars; that afterwards, various creditors, including the plaintiffs, obtained judgments against the administrator of *William Tyler,* deceased, for various sums, which are stated; that afterwards, on the 3d of *February,* 1850, three of those creditors (not made defendants to the present complaint) commenced a suit in chancery, for themselves only, against *Wilkerson* and young *Tyler,* to set aside the deed to the latter and to subject the land to sale to satisfy their claims, in which, in *October* following, they obtained a decree directing a sale to be made to satisfy their own demands, "according to the law in force upon that subject, on the first of *March,* 1842;" that a sale was made by the sheriff, under that decree, in *February,* 1851, and *Wilkerson* became the pur-

chaser, for one thousand dollars, paying, however, only enough money upon his bid to satisfy the decree and costs, being about one-third of his bid. This sale, it is alleged, was void, because it was made without any appraisement, (appraisement not having been waived,) and for a grossly inadequate price, and because the lands, which consisted of several tracts, were sold altogether, no effort having been made to sell the same in separate parcels, though susceptible of division.

A demurrer was sustained to the complaint, and that ruling is before us for review. The demurrer is not found in the transcript, and we cannot therefore know what causes of demurrer were assigned. It has been the practice of this court, in such cases, to confine the inquiry merely to the question whether the complaint contained sufficient facts to constitute a cause of action. The appellees, however, in argument, also question the jurisdiction of the court below over the subject matter. If their position on that subject is correct, then no harm could result to the plaintiffs in consequence of the action of the court in sustaining the demurrer upon the sole ground of want of sufficient facts, if that action were erroneous, for the reason that any judgment that might have been obtained by the plaintiffs in a court having no power to adjudicate upon the subject matter would be a nullity. This question of jurisdiction has been before this court in this very case, and the jurisdiction was then sustained. *Tyler* v. *Wilkerson*, 20 Ind. 473. We are asked to reconsider the question. We have examined it with some attention, and are satisfied to adhere to the previous ruling. It is true that the Circuit Court cannot give full relief, owing to the fact that the Court of Common Pleas has exclusive jurisdiction of all matters relating to the settlement of estates, and of applications for the sale of real estate of decedents to make assets. 2 G. & H., § 4, p. 20; *id.*, § 75, p. 506. Lands fraudulently conveyed by the decedent are included. *Id.*, § 84, p. 511. As a necessary incident to the exercise of

this jurisdiction, the Court of Common Pleas may determine whether lands have been fraudulently conveyed. But that is a question of title to real estate, of which, when in issue, it is enacted that the Circuit Court shall have jurisdiction. 2 G. & H., § 5, p. 6; *id.*, § 11, p. 22. The case being of such a nature that a decree may be made, declaring the lands liable to be sold to make assets to pay the debts of the decedent, we think that the Circuit Court can entertain it. At any rate, this view is not easily shown to be incorrect; and as it has heretofore been sustained here, and little harm can result from adherence to it, it is wiser to let it rest.

It seems to us, that the complaint alleged facts sufficient to entitle the plaintiffs to the relief which it was within the power of the Circuit Court to grant, and which has been already indicated. It is not absolutely essential now to determine whether the decree in chancery, on behalf of the three creditors, was void or not. We think it was not void; but it cannot prejudice these plaintiffs, for the reason that they were not parties to it. That the sale under it was void, if made without appraisement, as is alleged, or if made of several tracts in one body, are propositions deemed no longer open to discussion in this court. *Davis* v. *Campbell*, 12 Ind. 192; *Harrison* v. *Doe*, 2 Blackf. 1; *Doe* v. *Collins*, 1 Ind. 24; *Catlett* v. *Gilbert*, 23 Ind. 614. The decree, the sale being void, is yet unexecuted. It is possible that *Wilkerson*, having discharged that decree by the payment upon his bid of sufficient money for that purpose, may successfully claim to be subrogated to the rights of the complainants in that case.

The decree in favor of the three creditors, already spoken of, settled the question that the lands, as to them, were then liable to be made assets for the satisfaction of all the debts of the intestate. The sale under it, however, the plaintiffs may have declared void by judgment of the Circuit Court, and to obtain that relief the complaint is, in our opinion, good. What the effect of the former decree may be in the

distribution of the fund, as establishing priorities between creditors, it is deemed best not to anticipate, nor whether the decree may, in this suit, be set aside, as those questions may possibly depend upon facts not in the record.

It is argued that the statute of limitations bars this suit, but we think that question does not arise upon the demurrer.

The judgment is reversed, with costs, and the cause remanded to said court, with directions to overrule the demurrer to the complaint.

*J. H. Vawter, J. T. Dye* and *A. C. Harris*, for appellants.
*H. C. Newcomb* and *N. B. Taylor*, for appellees.