Bardeus *v.* Huber.

From the Madison Circuit Court.

*C. D. Thompson, J. T. Smith, M. S. Robinson,* and *J. W. Lovett,* for appellant.

*H. D. Thompson,* for appellee.

---

## BARDEUS *v.* HUBER.

JUDICIAL SALE.—*Sale in Parcels.—Execution.*—A sale by the sheriff on execution of real estate as an entirety, which is palpably and clearly susceptible of division and sale in parcels to satisfy the execution, is void; as where, to satisfy a judgment of three hundred and sixty-five dollars and eighty cents and costs, there were sold four acres, one part of which had on it a two-story dwelling-house, a stable, and an orchard, and was worth from fifteen hundred dollars to two thousand dollars, and was separated by a fence and wagon road from the other part, which had on it a saw and grist mill, and was worth from two thousand dollars to two thousand five hundred dollars.

From the Pulaski Circuit Court.

*M. Wood* and *T. J. Wood,* for appellant.

OSBORN, J.—The appellee sued the appellant, in the Lake Circuit Court, to recover possession of certain real estate in that county. The venue was changed to Pulaski county. An answer of general denial was filed, and the cause was tried by the court, resulting in a general finding for the appellee.

The appellant filed a motion for a new trial, and in his motion stated, as one of his reasons therefor, that the finding was not sustained by the evidence. The motion was overruled, and judgment was rendered on the finding for possession of the premises, in the usual form, and for costs against the appellant.

The evidence, as set out in the bill of exceptions, shows that, on and for some time before the 23d day of July, 1866, the appellant and John Huber were in possession of the premises, claiming title under a deed of conveyance to them as tenants in common; that on that day the appellant borrowed of John Krost six or seven hundred dollars, and he and his co-tenant, John Huber, gave to Krost a general warranty deed for the premises, without defeasance. On the 6th day of September, 1867, Krost conveyed the premises to the appellee by quitclaim deed. At the time of the conveyance, the appellee had full notice that Krost held the title as a security for the money loaned to the appellant, and not otherwise.

On the 9th day of July, 1856, John Harding and John Laws executed a mortgage upon the premises to Andrew J. Merton, to secure the payment of four thousand dollars, evidenced by sixteen promissory notes, for different sums, and payable at different dates, the last of which was due four years and three months from the date of the mortgage. One of the notes, so secured by that mortgage, for the sum of two hundred dollars, and due seventeen months after its date, was assigned to John Cade, who filed a complaint and commenced an action in the Lake Common Pleas for the foreclosure of the mortgage, making the mortgagors, the appellant, John Huber, and the appellee, parties defendants to the action, and obtained a judgment of foreclosure, at the May term of that court for the year 1870, for the sum of three hundred and sixty-five dollars and eighty cents, and costs, without relief from appraisement laws. A copy of the order of sale and judgment was issued by the clerk, and delivered to the sheriff of Lake county for service, who,

after the usual notice, and after an offer of the rents and profits for seven years, without a bidder, sold the premises to the appellee for four hundred and twenty-nine dollars and seventy-five cents, and on the 18th day of June, 1870, executed to him a deed therefor.

The property contained four acres, upon which was a pretty large two-story dwelling-house, a stable, orchard, and a saw and grist mill. The dwelling-house, stable, and orchard were on one part of the lot, and the mills on the other. A lane, or wagon road, ran between the house-lot and mill-lot. There was a board fence between the two lots, and the lane, or road, ran close up to the fence, on the side toward the mills. The lot on which the mills stand is nearly all open. The dwelling-house, stable, and orchard, at the time of the sale by the sheriff, were worth from fifteen hundred dollars to two thousand dollars, and the mill property was worth from two thousand to two thousand and five hundred dollars. The house and mills were from sixty to eighty rods apart.

From the evidence, it is clear that Krost held the title to the land only as a security for the money loaned to the appellant, and the appellee received the conveyance from Krost with notice of that fact. The deed was nothing but a mortgage, and gave Krost no right to the possession of the land. The quitclaim to the appellee, he having notice that Krost was only a mortgagee, could only operate as an assignment of the mortgage, and gave to him no more right to the possession of the land than Krost had.

It is also clear that the property was divisible, and should have been offered in parcels. Sec. 466, 2 G. & H. 249, provides, that "if the estate shall consist of several lots, tracts, and parcels, each shall be offered separately; and no more of any real estate shall be offered for sale, than shall be necessary to satisfy the execution, unless the same is not susceptible of division."

In *Tyler* v. *Wilkerson*, 27 Ind. 450, it was said, on page 453, that a sale of several tracts of land in one body is void,

and that the proposition was not open to discussion in this court.

In *Piel* v. *Brayer*, 30 Ind. 332, it was held, that if the land offered by the sheriff consists of separate parcels, it is the imperative duty of the sheriff, under the statute, to offer the parcels separately; and if it consists of a single tract or body, and is susceptible of division without injury, and the sale of the whole is not necessary to satisfy the execution, he is required to divide it, and to offer at one time only so much of it as may be necessary to satisfy the judgment, interest, and costs. The same thing has been frequently held by this court. We cite some of the cases: *Catlett* v. *Gilbert*, 23 Ind. 614; *Banks* v. *Bales*, 16 Ind. 423; *Reed* v. *Diven*, 7 Ind. 189.

In *Banks* v. *Bales, supra,* the purchaser was a stranger to the judgment. Land of the value of five hundred dollars had been sold to satisfy an execution for less than fifty dollars, when the land was susceptible of division. The court said: "The sale cannot be upheld, and the sheriff's deed is, therefore, a nullity.

The evidence in the case at bar shows that property of the value of between four and five thousand dollars was sold in one body to the appellee, for four hundred and twenty-nine dollars and seventy-five cents, to satisfy an order of sale for three hundred and sixty-five dollars and eighty cents, and costs, when it was susceptible of division into two parcels, one of which was worth from fifteen hundred to two thousand dollars, and the other from two thousand to two thousand five hundred dollars. We are not advised of the precise sum due on the judgment at the time of the sale; but from the amount bid, we think we may well presume that that was the sum then due. The sheriff should have offered the land in parcels before offering it in a body. This he failed to do, and the sale cannot be upheld.

We do not mean to decide that if a sheriff shall sell the whole of a single tract or parcel of land, when it is susceptible of division without injury, and when a sale of a part of

it would satisfy the execution, the sale is necessarily void. We think the provision that "no more of any real estate shall be offered for sale, than shall be necessary to satisfy the execution, unless the same is not susceptible of division," requires the sheriff to exercise a sound discretion in offering real estate for sale on execution, where there has been no actual division made, and it is at the time in one tract or parcel. It is not enough that there may be an honest difference of opinion as to the propriety of a division. But it must be so palpable and clear that the sale should have been in parcels, that a sale without division would operate as a fraud upon the execution defendant, and show that the sale of the whole tract was an abuse of official discretion. In our opinion, the evidence shows that in this case. See *Wright* v. *Yetts*, 30 Ind. 185, and *Voss* v. *Johnson*, 41 Ind. 19.

The judgment of the said Pulaski Circuit Court is reversed, with costs. The cause is remanded, with instructions to that court to grant a new trial, and for further proceedings in accordance with this opinion.