Meriwether v. Craig.

Filed April 17, 1889.

---

No. 13,682.

MERIWETHER v. CRAIG.

118 301
141 450
118 301
162 276

SHERIFF'S SALE.—*Sale in Solido.*—*Setting Aside.*—Where a sheriff sells land as an entirety, without offering it in parcels, in violation of a decree adjudging the land to be susceptible of division and ordering a certain part thereof to be first sold in satisfaction of the judgment, the sale is voidable, and may be set aside.

SAME.—*Defects in Sale not Cured by Deed.*—The fact that the sheriff, in executing a deed to the purchaser, includes therein only that part of the real estate which the decree directed to be first sold, does not cure the irregularity in selling the property *in solido.*

SAME.—*Knowledge of Defects.*— *Waiver.*—The owner of real estate judicially

sold, who does not obtain knowledge of irregularities in the sale until after a deed has been executed to the purchaser, may afterwards sue to set the sale aside, as he can not be presumed to have waived defects of which he had no knowledge.

From the Clark Circuit Court.

*J. B. Meriwether*, for appellant.

*P. H. Jewett*, for appellee.

COFFEY, J.—This was a suit by the appellant, in the court below, to set aside a sheriff's sale. The complaint alleges, substantially, that on the 12th day of ——, 1883, the appellant executed to Charles R. McBride, guardian, a mortgage on lot number two (2), in block number one (1), in Felter and Meriwether's subdivision of outlots 32 and 33 in the town of Clarksville, Clark county, Indiana, to secure the sum of $600; that said lot fronts on State street forty-nine and one-half feet, and extends back two hundred and fifty feet to an alley; that on the 12th day of July, 1884, said mortgage was foreclosed in the Clark Circuit Court, and on the 22d day of July, 1884, an order of sale was issued to the sheriff of said county, ordering and directing him to sell said real estate, as lands are sold on execution, to pay said judgment, and also ordering that the north and south halves of said lot be sold separately, the north half to be sold first, without relief from valuation laws, to pay said judgment; that said sheriff duly advertised said lot to be sold on the 16th day of August, 1884, and on said day sold the same to the appellee, Craig; that said sale was not made as directed in said order, or as required by law, and was void for the following reasons: 1. Said sheriff did not offer for sale the rents and profits of said real estate for a term of years not exceeding seven, in parcels and divisions, as required in said order of sale, or as required by law, and did not offer for sale said rents and profits to the north and south halves of said lots separately, but the same was offered for sale as a whole, or entirety; that said lot was susceptible of division into north

and south halves. 2. Said sheriff did not sell the fee simple of said real estate in parcels, as directed in said order of sale and the judgment of said court, by north and south halves separately, said north half to be sold first; but at said sale said sheriff offered for sale and sold all of said real estate to said Craig, at once and as an entirety, without any division; that said real estate was and is susceptible of division into parcels; that said lot fronts on a street, and has two houses on the north half thereof and extends to a twenty-foot alley, and has two other houses on the south half thereof; that said sale was made on the 16th day of August, 1884, but no return to said order of sale by said sheriff was made until August 20, 1885; that on said date said sheriff executed a deed to said Craig for the north half of said lot under said sale, and by virtue thereof said Craig took possession of said north half, without right and without the consent of appellant; that the north half of said lot was of the value of $1,200, and the whole of said lot was sold by said sheriff to the said Craig for the sum of $425, and the north half thereof deeded as aforesaid; that appellant was not present at said sale, and had no knowledge or information of any defect, irregularity, mistake or omission made in said sale until the latter part of December, 1885; that at the January term, 1886, of the Clark Circuit Court he commenced an action to set aside said sale, and on the trial thereof he dismissed the same, without prejudice, for the reason that the court required averments not contained in the complaint, and this complaint is filed at the next term of said court.

A demurrer for want of sufficient facts was sustained to this complaint, and the appellant refusing to amend, judgment was rendered against him for costs. He assigns the above ruling of the circuit court as error.

It is charged in this complaint, as we understand it, that the decree issued to the sheriff ordered and directed him to sell the real estate therein described in parcels, selling the north half thereof first, and that, in violation of said order, the

sheriff failed to offer the rents and profits of each parcel separately, and offered and sold the entire lot in fee simple, and not in separate parcels, as ordered by the court.

In the case of *Stotsenburg* v. *Same*, 75 Ind. 538, it was held that a sale of real estate, as an entirety, which is susceptible of division and sale in parcels sufficient to satisfy the execution, is voidable, and may be set aside. It was formerly held that such a sale was void. *Catlett* v. *Gilbert*, 23 Ind. 614; *Banks* v. *Bales*, 16 Ind. 423. It is now held, however, that such sales are not void, but voidable only. *Jones* v. *Kokomo Building Ass'n*, 77 Ind. 340; *Nelson* v. *Bronnenburg*, 81 Ind. 193.

In this case, however, the question of the divisibility of the property was not an open one. It was settled by the court rendering the decree, and the sheriff could not exercise any discretion in the matter. It was his duty to follow the commands of the decree, and he had no right to depart therefrom.

It is the duty of the sheriff, in all cases, to offer the land in separate parcels, if it is susceptible of division, and a failure to do so will avoid the sale. *Voss* v. *Johnson*, 41 Ind. 19; *Tyler* v. *Wilkerson*, 27 Ind. 450; *Reed* v. *Diven*, 7 Ind. 189; *Wright* v. *Yetts*, 30 Ind. 185; *Piel* v. *Brayer*, 30 Ind. 332; *Bardeus* v. *Huber*, 45 Ind. 235.

Where the land consists of two or more separate parcels it is the imperative duty of the sheriff to offer it in separate parcels. *Brake* v. *Brownlee*, 91 Ind. 359; *Gregory* v. *Purdue*, 32 Ind. 453.

This case does not fall within the rule laid down in *Nelson* v. *Bronnenburg*, *supra*. It is alleged in the complaint in this case that the sheriff withheld the return for more than a year after the sale, that appellant was not present at the sale, and had no knowledge of the irregularities of which he complains until a short time before the commencement of this suit. He can not be presumed to have waived defects of

which he had no knowledge.    *Fletcher* v. *McGill*, 110 Ind. 395.

Nor does it help the case to say that the sheriff only made a deed to the north half of the lot.   If the property was offered for sale or sold in a manner different from that prescribed in the decree, such irregularity may be presumed to have deterred bidders, and we are unable to say that the appellant was not injured.   We think the complaint states a good cause of action.

For the error of the circuit court in sustaining the demurrer of the appellee to the complaint the judgment must be reversed.

Judgment reversed, with directions to overrule the demurrer to the complaint, and for further proceedings not inconsistent with this opinion.

Filed April 18, 1889.