Nov. Term,
1859.

HARRIS
v.
MAKEPEACE.

Thursday,
December 22.

---

### HARRIS *v.* MAKEPEACE.

Where a mortgage is given to secure the payment of a note, and the mortgage contains a waiver of the appraisement law, and the note does not, a judgment of foreclosure and sale without appraisement, in a suit upon the mortgage, is valid, so far, at least, as to the premises embraced in the mortgage.
The statute requiring the Court to ascertain whether mortgaged premises can be sold in parcels, applies only where there are installments secured by the mortgage yet to become due.

Thursday,
December 22.

APPEAL from the *Madison* Court of Common Pleas.

WORDEN, J.—Complaint by *Makepeace* against *Harris*, to foreclose a mortgage made by *Harris* to one *Vasbinder*, to secure the payment of two notes for 500 dollars each, one payable *January* 1, 1857, and the other *January* 1, 1858. The latter note and the mortgage were assigned by *Vasbinder* to the plaintiff. The note thus assigned did not waive the appraisement laws, but the mortgage contains a covenant or stipulation, on the part of the mortgagor,

whereby he "expressly agrees to pay the sums of money above secured, without relief from valuation laws."

There was an ordinary judgment of foreclosure, directing so much of the mortgaged premises as might be necessary, to be sold without appraisement, to pay the sum due.

Several errors are assigned, all of which will be noticed in their order.

1. It is claimed that the Court erred in overruling a motion made by the defendant to strike out of the complaint that portion which asked for a judgment waiving appraisement laws. This motion was correctly overruled, as the mortgage fully authorized a judgment of foreclosure without appraisement.

2. The Court erred in foreclosing the mortgage, without finding whether the mortgaged premises were susceptible of division. There is nothing in this objection. There were no installments yet to become due, the note embraced in the suit being the one last due, the one previously due, for aught that appears, having been paid, and the judgment only directed enough of the property to be sold to satisfy the note in suit. The statute requiring the Court to ascertain whether the property can be sold in parcels, is only applicable to cases where there are installments yet to become due. 2 R. S. p. 176, § 637, *et seq.*

3 and 4. The third and fourth assignments of error are substantially alike, being that the Court erred in rendering judgment waiving appraisement. The mortgage, we have seen, fully authorizes such judgment, so far as the mortgaged premises are concerned. The judgment rendered amounts to nothing more than a strict foreclosure, or rather a judgment that the mortgaged premises be sold for the payment of the debt. There is no order that upon the premises failing to sell for enough to pay the debt, the deficiency be made out of other property of the defendant. If the plaintiff would proceed against other property, after having exhausted the mortgaged premises, he must have procured such a direction in the order of sale. *Vide* § 634 of statute above cited. This the plaintiff has not done,

and the judgment only authorizes him to proceed against the premises mortgaged; hence, we are not called upon to determine whether the stipulation in the mortgage, above noticed, would authorize the sale of property, other than that mortgaged, to be sold without appraisement. Perhaps an order for the sale of other property might be made by the Court, after the return of an execution showing the sale of the mortgaged premises leaving a deficiency; but if an order could be then made, then would be the time to determine whether the property should be sold without appraisement. It would seem that the notes and mortgage should be construed as constituting an entire contract, and that the stipulation in the mortgage would authorize the sale of any property, for the payment of the notes, without appraisement; but on this point we make no decision.

5. The fifth and last error assigned is too general, and amounts to nothing, being that the judgment is contrary to the laws of the land.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*M. S. Robinson*, for the appellant.

*J. Davis*, for the appellee.