BENTON
v.
WOOD.

---

### BENTON and Another *v.* WOOD.

It is only in cases where there are installments secured by a mortgage, some of which are not due, that the Court is required to inquire as to the divisibility of the mortgaged premises.

Under § 466 of the code, it is the duty of the sheriff to determine, in a proper case, the question of the divisibility of real estate offered by him for sale; and in serving an execution upon a judgment, if the land consists of two or more lots, tracts or parcels, susceptible of division, he must sell in parcels, and no more than enough to make the debt and costs.

*Thursday,*
*December 5.*

APPEAL from the *Lake* Common Pleas.

WORDEN, J.—Suit by *Wood* against *Benton* and his wife, to foreclose a mortgage. Judgment for the plaintiff.

The only error relied upon to reverse the judgment is, that the Court did not find whether the mortgaged premises were susceptible of division without injury, and in not order-ing it to be sold in parcels.

It is only in cases where there are installments secured by the mortgage, and not due, (which was not the case here,) that the Court is required to inquire as to the divisibility of the premises. 2 R. S. 1852, §§ 637–8, p. 176.

The land in this case consists of two forty acre tracts, which lie adjoining, though in different quarters of the same sec-tion, and may constitute a small, but entire farm.

The order of the Court directed, that upon default of pay-ment of the money, "the same shall be enforced by a sale of said mortgaged premises, on execution," &c.

This order was well enough. Under the provisions of § 466 of the code, it is evidently the duty of the sheriff to determine the question of divisibility, in a proper case. And in serving an execution upon the judgment in this case, if the land be deemed to consist of two "lots, tracts, or parcels," susceptible of a division, he would be required to sell in separate "lots, tracts, or divisions," and no more than enough to make the debt and costs; but if division could not be made, he would be authorized to offer the entire premises.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*A. McDonald*, *J. E. McDonald*, and *A. L. Roache*, for the appellants.

*H. C. Newcomb* and *J. Tarkington*, for the appellee.