Piel v. Brayer and Others.

Sheriff's Sale.—*Sale in Parcels.*—The provision of the statute requiring that in sales of land by the sheriff, "if the estate shall consist of several lots, tracts, and parcels, each shall be offered separately, and no more of any real estate shall be offered for sale than shall be necessary to satisfy the execution, unless the same is not susceptible of division," applies to sales on the foreclosure of a mortgage, as well as to sales on execution.

Same.— *Void Sale.*—If the sheriff, in violation of the statute, offer and sell in one body several distinct tracts or parcels of land, the sale is void.

SAME.— *Vendor and Purchaser.—Notice.*—A judgment plaintiff purchasing at sheriff's sale is chargeable with notice of all irregularities in the sale; and his vendee is chargeable with notice of the contents of the record.

SAME.—*Presumptions.*—The rule that the sheriff is presumed to have done his duty in making the sale does not apply where the fact that the sale was in violation of the statute is apparent on the face of the record through which the title is claimed.

SAME.—*Foreclosure.—Decree.*—Where a complaint is filed for the foreclosure of a mortgage upon which there is due any interest or installment of the principal, and there are other installments not due, the court is required to ascertain whether the property can be sold in parcels; but where the whole sum secured is due, no such question can properly be presented to the court; and in the latter case, though the decree direct otherwise, if the land consists of separate parcels, it is the imperative duty of the sheriff to offer them separately, and if of a single tract, but susceptible of division without injury, and the sale of the whole is not necessary to satisfy the execution, he is required to divide it, and offer, at one time, only so much as may be necessary to satisfy the judgment, interest, and costs.

APPEAL from the Marion Civil Circuit Court.

This was a suit by Piel, the appellant, against Brayer, Schwier, and Brandt. The complaint, which was filed on the 23d of May, 1866, alleges, *inter alia*, that the plaintiff, on the 25th of November, 1857, executed to the defendant Brayer a note for one thousand six hundred dollars, payable one year after date, with interest, and without relief from valuation or appraisement laws. And, at the same time, the plaintiff executed to Brayer a mortgage on certain real estate, in which his wife joined, to secure the payment of said note at maturity; that on the 12th day of May, 1866, the plaintiff tendered to Brayer the sum of two thousand five hundred and fifty dollars, being more than the principal and interest then due, on said note, and requested that the mortgage be satisfied of record; but that Brayer refused to receive the money or satisfy the mortgage, and claimed that he had become the purchaser of the mortgaged property, and that the mortgage had been satisfied; which, the complaint alleges, is untrue; and further states that the defendants Schwier and Brandt claim to hold a lien on the real estate mortgaged, or some interest therein, " the precise nature of which the plaintiff is unable

to state." The money alleged to have been tendered is claimed to be brought into court, and the complaint concludes with a prayer for proper relief.

Brayer filed a separate answer in two paragraphs. The first alleges that after the note became due, he instituted a suit against the plaintiff in the Marion Circuit Court on said note and mortgage, and such proceedings were had therein that a judgment was rendered against the plaintiff for the amount of the note and interest, and a foreclosure of the mortgage, and an order for the sale of the mortgaged premises to satisfy the judgment; that, the judgment remaining unpaid, a certified copy of the same was issued by the clerk, and delivered to the sheriff of Marion county, who afterwards, on the 27th day of December, 1860, having first given due notice of the time and place of sale, sold the mortgaged premises at public auction to said Brayer for three hundred dollars, he being the highest bidder therefor, and on the 29th of the same month executed to him a deed for the same.

The second paragraph, in addition to the facts stated in the first, alleges that in the decree the mortgaged premises are at one time incorrectly and by mistake described as "the said lot No. 144, in Noble's addition to the city of Indianapolis, as aforesaid described, with the improvements thereon," but that prior to the erroneous description the property is correctly described in the decree, the same as it is described in the mortgage; and that the sheriff, in his advertisement and sale, used the correct description. The paragraph prays that the erroneous description in the decree be corrected, and the title acquired by the sale be decreed valid. A copy of the judgment and decree and subsequent proceedings is made a part of the answer.

Schwier and Brandt filed a joint answer, setting up substantially the same facts as the answer of Brayer; and also alleging that Brayer, after he purchased the real estate at sheriff's sale, under the decree of foreclosure, sold and conveyed the same to them for two thousand dollars, which

they paid; and claim that their title is a valid one, but that the pretended claim of ownership by the plaintiff casts a shade upon their title; wherefore they claim that the same be quieted, and that the plaintiff be enjoined from setting up any adverse claim to the property, &c.

They also make a copy of the judgment and decree of foreclosure and subsequent proceedings a part of their answer.

Separate demurrers were filed to the several answers; when, on motion, supported by an affidavit that the title to real estate was involved in the issues, the cause was transferred from the Common Pleas to the Circuit Court.

The demurrers to the answer were subsequently overruled by the Circuit Court, to which the plaintiff excepted.

The plaintiff then filed a reply to the answer of Brayer, alleging that the sale of the mortgaged premises by the sheriff to Brayer was illegal and void, for the reasons:—

First, on account of the erroneous description of the property in the decree, referred to in the second paragraph of said answer; and,

Second, that the real estate described in the mortgage consisted of three different, distinct, and separate lots; that the east half of the first described parcel constituted one lot of about twenty-two .feet, fronting on the National road, or Washington street, extending east and running back to a public alley of —— feet; and said lot had thereon a two story house, of the value of about two thousand dollars, and then of the annual rental value of three hundred dollars; that the west half of the above described parcel constituted another lot of about the same dimensions, fronting on the same street, and running back to the same alley, and having thereon a one story house of the value of about one thousand dollars, and of the annual rental value of about one hundred dollars; that said houses and lots were in no way connected together, except that they lay adjoining each other, and there was a passage way for wagons and drays between said improvements, and on and over the line

Piel *v.* Brayer and Others.

that divided said two lots; that the east half of said property was, at the time of sale, worth at least two thousand five hundred dollars, and the west half one thousand five hundred dollars; that the remaining portion of the real estate described in the mortgage was and is separated from the first piece described therein by a public alley, and was on the north side thereof and fronted to the north, and on the extension of Market street, and was worth the sum of one thousand dollars; that the first piece described in the mortgage fronted south, and was on the south side of said alley; that they were on opposite sides of the alley, and wholly disconnected; that said real estate could have been sold in three separate and distinct parcels, and could have thus been sold to much better advantage than all together, and would have brought more money; that the plaintiff requested said Brayer and the sheriff to sell said real estate in parcels, in order that there might be competition, and that it might bring more money; but they refused, and sold all said real estate in a body.

A reply in two paragraphs was also filed to the answer of Schwier and Brandt.

The first avers, that while the decree under which the sheriff's sale was made directed lot number 144 in Noble's addition to the city of Indianapolis to be sold, the real estate described in the mortgage was not in Noble's addition to said city, but in an entirely different piece; that the plaintiff is a foreigner by birth, has but an imperfect knowledge of the English language, and had no knowledge of this defect in the decree until about a week before the beginning of this suit; that upon discovering the defect in the decree, he tendered said defendants the full amount of the mortgage and interest, and all taxes and costs, and requested them to convey the property to the plaintiff, which they refused to do; that the plaintiff had no knowledge of any negotiations between said defendants and said Brayer, in reference to said real estate, or of their paying him any money; nor had he any knowledge that they were about

to make any improvements, nor have they, in fact, made any.

The second paragraph avers the same facts as the first, as to the defect in the decree as to the description of the property, his ignorance of the English language, and his ignorance of the existence of the defect. It denies any knowledge of negotiations between said Brayer and the defendants, and of the payment of any money by the latter to the former. It charges that the negotiations, etc., were prior to the sheriff's sale. It denies the allegations of the answers, with reference to the yielding up possession, rent, etc., and avers that all the plaintiff did and permitted to be done was in ignorance of the misdescription of the real estate and of his legal rights; that he did not know, and does not now know, that the defendants contemplated making improvements; that as soon as he discovered the defect in the decree, he tendered to said Brayer and said defendants, the amount of the principal and interest of the mortgage, and all costs and taxes, and requested a re-conveyance and satisfaction of the mortgage; and they refused to receive the money and make said conveyance or enter satisfaction. He avers his readiness to pay into court whatever sum of money may be necessary to satisfy said mortgage.

The court sustained demurrers to all the replies, and the plaintiff refusing to reply further, judgment was rendered for the defendants.

Elliott, J.—The only questions presented in the case for our determination arise from the action of the court below in overruling the demurrers to the answers, and in sustaining those to the replies.

Are the facts set up in the answers sufficient to bar the action? Two objections are urged by the appellant to the validity of the sheriff's sale.

First, that the error in the description of the mortgaged

premises in the decree of foreclosure is fatal to the sale made under it; and,

Second, that the real estate mortgaged consists of two separate and distinct tracts, or parcels, as is shown by the description thereof in the mortgage, and in the decree of foreclosure, and that the sheriff illegally offered and sold both parcels together, instead of selling each parcel separately.

The description of the property in the mortgage, and where it is correctly described in the decree of foreclosure is as follows:—

"A certain parcel of land, situate in out-block number 72, of the donation lands of the city of Indianapolis, and enclosed in the following boundaries: commencing at a point on the south line of said out-block number 72, fifty feet west of the south-east corner of said out-lot; thence running north to an alley for one hundred and fifty-eight feet, more or less; thence west for forty-four feet, six inches, along the south line of said alley; thence running south for one hundred and fifty-eight feet, more or less, to the south boundary of said out-block number 72; thence running east to the place of beginning. Also, another parcel of land, likewise situate in said out-block number 72, and enclosed in the following boundaries: commencing fifty-five feet west of the north-east boundary of said out-lot; thence running along the north line of said out-block 72, for fifty-five feet; thence south for one hundred and sixty-one feet, more or less, to an alley; thence east along the line of said alley for fifty-five feet; thence north to the place of beginning."

The conclusion to which we have arrived upon the second proposition renders the examination of the first unnecessary. It appears by the sheriff's return to the order of sale that the whole of the mortgaged premises were offered and sold in one body at the same time to the defendant Brayer, the mortgagee, for the sum of three hundred dollars. The description of land in the mortgage shows that it con-

sisted of two several lots, or parcels, which were separated by an alley. The statute provides that "if the estate shall consist of several lots, tracts, and parcels, each shall be offered separately; and no more of any real estate shall be offered for sale than shall be necessary to satisfy the execution, unless the same shall not be susceptible of division." 2 G. & H. 249, sec. 466. This provision applies to sales on the foreclosure of a mortgage with like force as to sales on execution. 2 G. & H. 295, sec. 635. And it is well settled by numerous decisions of this court, that if the sheriff, in violation of the statute, offer and sell several distinct tracts or parcels of land in one body, the sale is void. *Sherry* v. *Nick of the Woods*, 1 Ind. 575; *Reed* v. *Diven*, 7 Ind. 189; *Banks* v. *Bales*, 16 Ind. 423; *Tyler* v. *Wilkerson*, 27 Ind. 450. Brayer, the judgment plaintiff, being the purchaser at sheriff's sale, is chargeable with notice of all irregularities in the sale. Nor do we think that Schwier and Brandt can claim to be innocent purchasers without notice that the sheriff exceeded his power in selling both parcels of the land in one body. They purchased from Brayer and derived their title through the mortgage, decree of foreclosure, and the sheriff's sale, and are chargeable with notice of the contents of the record, and are presumed to know the law. The description of the land in the mortgage and decree of foreclosure shows that it consisted of two separate lots, or parcels; and the sheriff's return to the order of sale, which is a part of the record, shows that both parcels were sold together in one body: they are therefore chargeable with notice of the fact that the sale was in violation of the statute; and, as the fact is apparent on the face of the record through which they claim title, the rule that the sheriff is presumed to have done his duty in making the sale does not apply to the case. See *Doe* v. *Collins*, 1 Ind. 24.

The decree of foreclosure was rendered on default; and immediately following the erroneous description of the land ordered to be sold, in which it is described as lot number

144 in Noble's addition to the city of Indianapolis, occurs the following: "Said plaintiff having shown said real estate cannot be sold in parcels without injury, that the sheriff sell the land to the highest bidder," &c. It is insisted by the appellees that this provision of the decree was binding on the sheriff, and rendered the sale of both parcels of the land together a valid one. We do not think so.

The complaint contained no averment that the land could not be sold in parcels without injury. No such issue was tendered by the complaint. Nor did the law of the case authorize such an issue to be presented and determined by the court. Section 633 of the code provides that, "in rendering judgment of foreclosure, the court shall order the mortgaged premises, or so much thereof as may be necessary, to be sold to satisfy the mortgage and costs of the action." Where a complaint is filed for the foreclosure of a mortgage upon which there shall be due any interest, or installment of the principal, and there are other installments not due, the court is required to ascertain whether the property can be sold in parcels, for the purpose of determining the proper decree to be rendered in the case. 2 G. & H. 295, 296, secs. 637, 638, 639. But when the whole sum secured by the mortgage is due, no such question can be properly presented to the court. See *Harris* v. *Makepeace,* 13 Ind. 560; *Smith* v. *Pierce.* 15 Ind. 210; *Benton* v. *Wood,* 17 Ind. 260. If the land consists of separate parcels, it is the imperative duty of the sheriff, under the statute, to offer the parcels separately; and if it consists of a single tract or body, and is susceptible of division without injury, and the sale of the whole is not necessary to satisfy the execution, he is required to divide it, and to offer at one time only so much of it as may be necessary to satisfy the judgment, interest, and costs. We think the answers were bad. If the decree of foreclosure is a valid one, still, as the sale by the sheriff is void, the appellant has the right to redeem, and it is shown by the complaint that the sum tendered was sufficient to satisfy the judgment, interest, and costs.

Judgment reversed, with costs, and the cause remanded, with directions to the Circuit Court to sustain the demurrers to the answers, and with leave to both parties to amend their pleadings.

*J. L. Ketcham, J. L. Mitchell, T. A. Hendricks, O. B. Hord,* and *A. W. Hendricks,* for appellant.

*F. Rand, R. H. Hall,* and *A. Seidensticker,* for appellees.