Shotts *et ux. v.* Boyd *et al.*

———•••———

No. 8431.

## Shotts et ux. *v.* Boyd et al.

PROMISSORY NOTE.—*Maker's Incompetency to Execute.*—*Subsequent Acknowledgment and Promise.*—A person who is incompetent, by reason of a want of understanding, to execute a note, is equally incompetent to authorize another to execute it for him, and his subsequent acknowledgment of the note and promise to pay it are alike of no effect.

Shotts *et ux. v.* Boyd *et al.*

SAME. — *Mortgage.*—*Foreclosure.*—*Complaint.* — *Prayer.* — *Practice.*—In a complaint on a note and to foreclose a mortgage, a prayer for judgment on the note, for the foreclosure of the mortgage and for all other proper relief, is sufficient to authorize any relief to which the facts pleaded entitle the plaintiff.

SAME.—*Decree.*—*Divisibility of Mortgaged Premises.*—In rendering a decree of foreclosure, the court has nothing to do with the question of the divisibility of the mortgaged premises, except where there are several notes secured by the mortgage and some of them are not due.

SAME.—*Costs.*—*Judgment Less than Fifty Dollars.*—Section 633, 2 R. S. 1876, p. 261, and not sec. 397, p. 194, must control the question of costs in judgments for the foreclosure of mortgages, and the plaintiff is entitled to costs, although the recovery is for less than fifty dollars.

PRACTICE.— *Voluntary Appearance.*—*Married Woman.*—A married woman may appear voluntarily and defend an action against her.

From the Boone Circuit Court.

*F. M. Charlton,* for appellants.

*J. A. Abbott* and *S. W. Fergusson,* for appellees.

NEWCOMB, C.—The appellees, Robert M. and Joseph A. Boyd, sued to recover the balance due upon a promissory note executed to them by Israel Shotts and Malinda, his wife, and to foreclose a mortgage given by them to secure said note. Judgment against Israel for the amount due upon the note, and against both defendants for a foreclosure of the mortgage.

The errors assigned are:

1. That the court below erred in sustaining appellees' demurrer to Israel Shotts' amended separate paragraph of answer.

2. The court erred in sustaining appellees' demurrer to Israel Shotts' additional paragraph of answer and cross complaint.

3. The court erred in overruling the motion of appellants for a new trial.

4. The court erred in overruling the motion of appellants in arrest of judgment.

5. The court erred in overruling the motion of appellants to tax costs.

The separate amended answer of Israel Shotts attempted to set off a note executed by Robert M. Boyd to one Bennington, and assigned by the latter to said defendant. To obviate the want of mutuality between the debt sued on and the one pleaded as a set-off, the answer alleged that the note of Boyd was given in settlement of an account owing to Bennington by both the plaintiffs, and that both said plaintiffs agreed and promised to pay the same; that the sole reasons why said Joseph A. Boyd did not sign said note were, that he could not write his name, and his want of understanding and ability to comprehend and transact his own business affairs; that said Robert M., at the time of the execution of said note and for a long time prior thereto, was doing and transacting his said brother Joseph A. Boyd's business, and through inadvertence neglected to sign said Joseph's name to said note, when in fact it was as much the note of Joseph as it was of Robert M., and was so recognized and acknowledged by both of said plaintiffs.

If Joseph A. Boyd was incompetent, by reason of a want of understanding, to execute a note, he was equally incompetent to authorize another to execute it for him; and, for the same reason, his acknowledgment of the note, and his promise to pay it, were of no effect. The court did not err in sustaining the demurrer to this paragraph.

There was no demurrer to the additional answer and counter-claim. It was stricken out on the motion of the plaintiffs, and was not afterwards made a part of the record by a bill of exceptions. There is, therefore, nothing in the second assignment of error.

There is no bill of exceptions in the record; consequently no question is presented by the third assignment of error.

The point made in support of the motion in arrest of judgment is, that the prayer of the complaint is not specific enough, in that it does not ask for a sale of the mortgaged premises, or so much thereof as may be necessary to satisfy

the debt; nor does the complaint show whether or not the land is susceptible of division; also that there was no service of process in the case, and that the *feme covert* defendant could not give the court jurisdiction of her person by a voluntary appearance to the action.

The prayer of the complaint was for judgment on the note, for the foreclosure of said mortgage, and for all other proper relief. This was a sufficient prayer to authorize any relief to which the facts pleaded entitled the plaintiffs.

The court has nothing to do with the question of the divisibility of mortgaged premises, except where there are several notes secured by the mortgage and some of them are not due. 2 R. S. 1876, p. 264, sec. 638; *Piel* v. *Brayer*, 30 Ind. 332; *Benton* v. *Wood*, 17 Ind. 260; *Smith* v. *Pierce*, 15 Ind. 210; *Griffin* v. *Reis*, 68 Ind. 9.

The defendant Malinda Shotts appeared to the action, and filed a joint answer with her husband, and also her separate answer. This was equivalent to service of process. 2 R. S. 1876, p. 48, sec. 35. A married woman has the right under our statute to prosecute and defend actions. 2 R. S. 1876, pp. 36, 37, secs. 8, 9. And there is no reason why she may not as well appear voluntarily, as in response to a summons.

The judgment on the note in suit was for less than fifty dollars, and the appellants claim that by virtue of sec. 397 of the code of practice, judgment for costs should have been rendered against the plaintiffs. That section applies to actions for money demands on contract only, and has no reference to the enforcement of mortgage liens, of which justices' courts have no jurisdiction.

In section 70 of the code, which prescribes what actions may be joined, money demands on contract, and claims to foreclose mortgages to enforce or discharge specific liens, etc., are recognized as belonging to different classes. Furthermore, section 633 of the code provides, that, ''In rendering judgment of foreclosure, the court shall order the

mortgaged premises, or so much thereof as may be neces-sary, to be sold to satisfy the mortgage and costs of the ac-tion." This, and not section 397, must control the ques-tion of costs in judgments for the foreclosure of mortgages. There was no error in the proceedings of the circuit court, and its judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment below be and it is hereby affirmed, at the costs of the appellant Israel Shotts.