COTTON v. ROUTH ET AL.

[No. 2,419. Filed April 6, 1898.]

COSTS.— *Judgment Less Than Fifty Dollars.— Mechanic's Lien.—* Where it is shown by the finding and judgment of the circuit court in an action to foreclose a mechanic's lien, that plaintiff abandoned the lien, and judgment was rendered on account only for a sum less than $50.00, the cost of such action should be taxed against plaintiff under the provision of section 600, Burns' R. S. 1894 (591, Horner's R. S. 1897), that, in actions for money demands on contract commenced in the circuit or superior courts if the plaintiff recover less than $50.00 exclusive of costs, he shall pay costs, etc.

From the Wells Circuit Court. *Reversed.*

*A. N. Martin* and *W. H. Eichhorn,* for appellant.

*Levi Mock, John Mock* and *George Mock,* for appellees.

HENLEY, J.—This action was commenced by appellees against appellant to foreclose a mechanic's lien. Appellant demurred to the complaint; his demurrer was overruled, and he filed an answer in three paragraphs. The first paragraph of answer was a general denial; the second paragraph set up a counterclaim, and demanded damages in the sum of twenty-five dollars. In this paragraph of answer the appellant claimed a set off of $8.00. Appellees replied to the second and third paragraphs, denying the material allegations therein, and upon the issues thus joined there was a trial by the court, and a fiding in favor of appellees in the sum of six dollars and eighty-two cents.

The court rendered the following judgment: "Come the parties by counsel, and the court being fully advised in the premises, finds for the plaintiffs, that there is due them from the defendant on the account in suit, the sum of $6.82. It is therefore adjudged

Cotton *v*. Routh *et al*.

by the court that the plaintiffs recover of the defendant the sum of $6.82 found due as aforesaid; with six per cent. interest thereon per annum, and their costs herein expended."

Appellant filed his motion to render judgment in this cause against appellees for the costs of this action, for the reason that the finding against appellant upon the complaint was for a sum less than fifty dollars. The lower court overruled appellant's motion for judgment for costs against the plaintiff, to which ruling appellant excepted. Appellant has assigned as error to this court, (1) the ruling of the lower court in overruling his demurrer to the complaint; (2) the ruling of the lower court in overruling his motion to tax the costs of this action against appellees. Both questions are properly presented by the record.

It is argued by counsel for appellant that the lower court ought to have rendered judgment against appellees for costs, and that the overruling of appellant's motion therefor was error, for which this cause ought to be reversed. This question is not free from doubt. The statute section 600, Burns' R. S. 1894 (591, Horner's R. S. 1897), provides, "In actions for money demands on contract commenced in the circuit or superior courts, if the plaintiff recover less than fifty dollars, exclusive of costs, he shall pay costs, unless, etc." Appellees do not contend that this cause comes under any of the exceptions provided in the statute. It is the purpose of this section of the statute to cause all such actions as are therein described to be brought before a justice of the peace. It has been often held by our Supreme Court, that where a party is compelled to sue in the circuit or superior courts, he shall recover costs, without regard to the amount recovered. *Shotts* v. *Boyd*, 77 Ind. 223.

It is also well settled that a finding in favor of one

party upon any issue will entitle that party to a judgment for the costs occasioned by the trial of that issue. *Matthews* v. *Droud,* 114 Ind. 268.

Now upon the question of the validity of appellees' lien there must have been, some time during the proceedings in this cause in the lower court, a finding against appellees, or if there was no finding upon the subject, then appellees voluntarily abandoned that part of their case. This left appellee's action an action upon an account which resulted in a trial and judgment for an amount less than fifty dollars. Appellees have not excepted in this court to any of the proceedings in the lower court. No cross-errors are filed. We believe the case falls within section 600, *supra.* The case cited by counsel for appellees, *Scott* v. *Goldinghorst,* 123 Ind. 268, is not in point. In the case last referred to the court held the lien valid and upon the execution of a bond as is provided by the statute (Elliott's Suplt. Sec. 1698) the property was released from the lien created by law and there was a personal judgment for less than fifty dollars. The court said, in disposing of the question of costs: "It is insisted that, for the reasons already referred to, the lien never became effective; that the suit was therefore merely upon a money demand upon a contract, and that as the original demand, as well as the amount recovered, was less than fifty dollars, the costs should have been taxed against the plaintiff below. As we have already seen, the plaintiff acquired a valid lien, and although he only recovered a personal judgment, because of the filing of the undertaking provided for, he was nevertheless entitled to recover his costs."

In that case the lien was held a valid one, and in this it was held invalid. We cannot see how or why appellant should be held for the costs because of appel-

lees' mistake of law. The lower court erred in over-ruling appellant's motion to render judgment against appellees for costs.

The cause is reversed, with instruction to the lower court to sustain appellant's motion, and render judgment against appellees for the costs of the action.