AMANDA McFARLAND.

v.

CAROLINE McFARLAND.

1. PROBATE LAW—APPEAL FROM FINAL SETTLEMENT—WHEN TO BE TAKEN.—An appeal lies from an order of the County Court, approving the final settlement of a guardian, but such appeal should be taken and bond filed at the term at which judgment was rendered. Such appeal cannot be allowed and bond approved by the judge in vacation or at a subsequent term, when the judge no longer has jurisdiction of the subject-matter, and when the opposing party is no longer in court.

2. APPEARANCE—LIMITED.—An appeal was taken and bond filed after the term at which judgment was rendered, and the cause heard *ex parte* in Circuit Court on appeal, and judgment rendered for a large amount against the guardian. Had the guardian limited her appearance in Circuit Court to the purpose of moving to dismiss the appeal, the motion would have been well taken, but entering a full appearance in the cause, and moving for a new trial upon the ground of the verdict being against the weight of evidence, she cannot now assign for error that the court did not dismiss the appeal.

APPEAL from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed August 1, 1879.

Mr. JAMES M. DILL, for appellant; that a bill in chancery is the proper remedy, cited Heward v. Slagle, 52 Ill. 336; Wheeler v. Dawson, 63 Ill. 54; Rev. Stat. Chap. 64 § 123.

This appeal was improperly taken: Rev. Stat. Chap. 37, § 70; Nat. Ins. Co. v. Chamber of Commerce, 69 Ill. 22; McMillen v. Bethold, 40 Ill. 34.

As to effect of receipt by ward as evidence: Winchester v. Grosvenor, 44 Ill. 425.

Mr. WM. WINKELMAN, for appellee; that an appeal will lie, cited Rev. Stat. Chap. 64 § 43; Rev. Stat. Chap. 37 § 246.

As to admissibility of appellee as a witness: Bennett v. Hanifan, 87 Ill. 31.

BAKER, P. J. On the 6th day of January, 1879, that being one of the days of the December, 1878, probate term, the

appellant, Amanda McFarland, as guardian of Caroline McFarland, appellee, made her final settlement in the County Court of St. Clair County. There was found to be $263.31 due appellee. There was nothing in the records of the County Court showing an appeal was ever prayed or granted. Terms of the County Court for .probate matters commence on the third Monday of each month. R. S. 1874, ch. 37, Sec. 70. As the statute required a term to commence on Monday, January 20th, 1879, it follows that the December term ended on Saturday, January 18, 1879. Appellee afterward gave an appeal bond, which was approved by the county judge on the 24th day of January, and filed by the county clerk on the same day.

On the 25th day of April, 1879, an *ex parte* trial of this appeal was had in the Circuit Court before a jury, and a verdict for $1,800.00 in favor of appellee was returned. On this trial there was no appearance, whatever, of appellant. Five days thereafter appellant filed a motion for a new trial, specifying, among other things, as grounds of such motion, that she had no notice of the appeal, that improper testimony was permitted to go to the jury, and that the verdict was contrary to the law and the evidence. She filed, in support of the motion, affidavits of Pieper Rhein and herself. Her own affidavit showed a meritorious defense to the claim of appellee, and stated, "That she had no knowledge or information whatever that an appeal had been taken in said cause from the final settlement of said guardianship, until after the trial of the cause in the Circuit Court, and therefore had no opportunity of making her defense." The counter affidavits of appellee and another were also presented on the motion, for the purpose of showing that appellant had notice of the appeal to the Circuit Court. The motion for a new trial was overruled, and an exception taken. A remittitur of $263.31 was entered by appellee, and a judgment for $1,536.69 was then rendered by the court in her favor, and against appellant.

An appeal lies from the order of the County Court approving the final settlement of the guardian. R. S. 1874, Ch. 64, Sec. 43, and Ch. 37, Sec. 187; Bennett v. Hanifin, 87 Ill. 31.

Howard v. Slagle, 52 Ill. 336, merely shows that when the settlement of the administrator or guardian is complicated, and involves important interests, a bill in chancery is a proper and the better mode of having it adjusted.

In this case the appeal was irregularly and improperly taken. Section 43 *ante*, provides that the court shall direct the character of the bond and security to be given; and section 187 *ante*, provides that the appellant shall give "bond and security in such amount and upon such conditions as the court shall approve."

It is the court that is to direct and approve, and not the judge of the court acting after the close of the term and in vacation. The appeal should be allowed and an order made directing the character of the bond and security, at the term at which the judgement is rendered; and not at a subsequent term, when the court no longer has jurisdiction of the subject matter of the controversy, and when the opposing party in interest is not in court, otherwise the right of an appellee would always be in jeopardy, litigations would become complicated, and fraud, oppression, and injustice would be the inevitable results. In this case had appellant refrained from entering her appearance in the Circuit Court, the judgment of that court might have been reversed on error, on the ground the appeal was improperly taken. Had she after verdict, limited her appearance to the purpose of such motion, and moved the court to dismiss the appeal, it may be the motion would have been well taken. She elected, however, to enter her full appearance in the court below, and waiving her right to ask a dismissal, asked the court to grant her a new trial upon the merits of the case, and upon the ground that the verdict of the jury was against the law and against the evidence. Not having asked the court to dismiss the appeal, she cannot now assign for error that the court did not dismiss the appeal.

We think, however, that under the circumstances of the case, there being no appeal that she was bound to take notice of and follow up, it was error to overrule her motion for a new trial. The trial in the Circuit Court was wholly one-sided, and she states in her affidavit she can prove the final settlement

had in the County Court was in every respect fair and just; and can further prove that appellee, on said final settlement, signed a receipt in full of all claims, after the same had been fully and carefully explained to her, and when she fully understood and knew what she was doing.

An examination of the evidence introduced on the trial in the Circuit Court, and of the affidavits and counter affidavits submitted on the motion for a new trial, impresses us with the belief that justice to both parties demands there should be a new trial on the merits in the Circuit Court. It is urged the court erred in permitting appellee to testify to matters which occurred before her majority. As the question will arise upon a second trial, it may be well enough to refer to it here, although upon the trial had, from the very necessity of the case, the point was not properly made, and saved by objection to her testimony and an exception taken.

The claim of her incompetency to thus testify is based upon the body of section two, and upon the first exception, as found in the chapter on evidence and depositions, R. S. 1874, ch. 51. The case is not within the purport and intent of that statute. The statute has reference only to that class of cases where a party sues or defends in a fiduciary capacity, and where the judgment would affect an estate represented by a fiduciary or trustee, as distinguished from the party in interest; it has no application whatever to a case where there is a controversy between a guardian and a ward, and each looks after her own individual interests.

The judgment is reversed and the cause remanded to the Circuit Court for a new trial.

Reversed and remanded.