## In re Estate of Sarah Atkins, Insane.

## Louise Rittmiller, Defendant in Error, v. Samuel B. Overmass, Plaintiff in Error.

### Gen. No. 19,432.

1. APPEAL AND ERROR, § 626*—*when appeal from Probate not properly perfected to give Circuit Court jurisdiction.* The final account of a conservator of the estate of an insane person was approved by the Probate Court during the September term, 1908. No appeal was prayed therefrom, and no formal order allowing appeal was entered. During the October term, 1908, the succeeding conservator·presented an appeal bond in the Probate Court reciting that an appeal to the Circuit Court from the order approving such final account had been prayed and allowed. On October 15, 1910, the Circuit Court entered a decree by default directing the original conservator to pay certain sums to the succeeding conservator. On November 11, 1910, the original conservator filed his special appearance to vacate said decree and to dismiss the appeal, which relief was denied. *Held*, that the appeal to the Circuit Court had not been properly perfected, and that the Circuit Court was without jurisdiction.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. APPEAL AND ERROR, § 624*—*essentials for taking appeal from Probate to Circuit Court.* Under section 40, ch. 86 of the act relating to lunatics, J. & A. ¶ 7324, and section 226, ch. 37, of the Probate Court Act, J. & A. ¶ 3269, an appeal from the Probate Court to the Circuit Court can only be had pursuant to a formal order allowing such appeal entered in the Probate Court within the term in which the order or judgment to be appealed from was entered.

3. APPEAL AND ERROR, § 31*—*when special appearance in Circuit Court on appeal from Probate Court does not confer jurisdiction.* On appeal from the Probate to the Circuit Court, a special appearance for the purpose of moving to set aside a judgment entered in the Circuit Court on such appeal, and to dismiss the appeal, confers no jurisdiction upon the Circuit Court other than to pass on the motion to dismiss the appeal.

Error to the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed. Opinion filed October 8, 1913.

McCASKILL & McCASKILL, for plaintiff in error; RANSOM E. WALKER, of counsel.

No appearance for defendant in error.

MR. JUSTICE PAM delivered the opinion of the court.

The writ of error in this case was prosecuted to reverse a decree of the Circuit Court sustaining objections to the report and final account of the conservator of Sarah Atkins, an insane person, and directing him to pay Louise Rittmiller, named in the decree as his successor, sixty dollars expended by him on account of attorney's fees, and forty dollars credited to himself as conservator's fees. Samuel E. Overmass, the conservator of the estate of Sarah Atkins, an insane person, resigned and filed his final account with the Probate Court, containing among other items one of sixty dollars expended on account of attorney's fees, and one of twenty dollars on account of his fees as conservator. On one of the days of the September term,

namely, October 2, 1908, this account was approved by the Probate Court and Overmass was discharged as conservator. On October 22, 1909, being one of the days of the October term of court, Louise B. Rittmiller, successor to Overmass, as conservatrix of the estate of Sarah Atkins, presented an appeal bond, reciting that she had prayed for and obtained an appeal to the Circuit Court. There was no order granting an appeal, and it does not appear that Overmass was present or had any notice that the appeal was to be prosecuted.

On October 15, 1910, nearly two years after this appeal bond had been presented, Samuel E. Overmass was defaulted in the Circuit Court, and said court entered the decree sustaining certain objections to the report and final account, and found that an item of sixty dollars for attorney's fees was unreasonable, and disallowed said amount as attorney's fees; and also that the allowance of forty dollars for conservator's fees was unreasonable and disallowed any fees to Overmass as conservator; and ordered the said Overmass to pay to said Louise Rittmiller the aforesaid sums, to which objections had been sustained, and further ordered said Overmass to pay the costs and expenses of said appeal. These payments were directed to be made within twenty days.

On November 11, 1910, Overmass, the plaintiff in error, filed a special appearance in the Circuit Court, and moved to vacate the decree entered against him, and to dismiss the appeal. His appearance was specially limited to those purposes. On December 3rd, he was given leave to add to the reasons in support of said motion, and among the reasons filed by him on that day was, that no appeal was prayed within the time allowed by law, and that consequently the court was without jurisdiction. The motion was denied and this appeal followed.

The plaintiff in error has set forth several reasons in the course of his brief why the decree of the Circuit

Court should be set aside, the first one being, that appeals from the Probate Court must be prayed and allowed by formal order and must be allowed within the term; there being no order granting an appeal, and the approval of the bond being beyond the term, the Circuit Court was without jurisdiction.

Under the statutes of our State, an appeal in this case to the Circuit Court should have been formally prayed and a formal order entered allowing said appeal. Section 40 of chapter 86, Hurd's R. S., 1911 (J. & A. ¶ 7324), of the lunatics, etc., Act, reads as follows: "Appeals shall be allowed to the Circuit Court from any order or judgment made or rendered under this act upon the appellant giving such bond and security as *shall be directed by the court.*" Section 226 of chapter 37 of the Probate Court Act (J. & A. ¶ 3269) reads as follows: "Appeals may be taken from the final orders, judgments and decrees of the Probate Court to the Circuit Court of their respective counties * * * upon the appellant giving bond and security in such amount and *upon such conditions as the court shall approve,* and upon such appeal the case shall be tried *de novo.*" The record in this case shows that no appeal was prayed and no formal order was entered allowing said appeal. There was merely an appeal bond presented and approved. As we have indicated in our statement of facts, defendant in error endeavored to appeal from an order entered by the Probate Court on October 2nd, being one of the days of the September term of that court, while the appeal bond was presented and approved on October 22nd, a day in the October term of that court.

No prayer for an appeal having been made, and no order of appeal having been entered on any day of the September term of the court, the court was without jurisdiction in approving the bond on October 22nd. The case of *McFarland v. McFarland,* 4 Ill. App. 157, is determinative of the question involved in this case.

That was a case very similar in facts to the case at bar. In that case there was an appeal from the final settlement of a guardian. The order allowing the settlement was entered on one of the days of the December term. The appeal bond was approved by the county judge on the twenty-fourth day of January, one of the days of the January term of the court. There was nothing in the record showing that the appeal was ever prayed or granted. In that case, as in the case at bar, upon such appeal there was an *ex parte* hearing and judgment entered against the guardian, who occupied the corresponding position in that case that the plaintiff in error does in the case at bar. Afterwards, the guardian entered a general appearance and filed a motion for a new trial, and set up the fact that she had no notice of the appeal, and that she had no knowledge or information whatever that an appeal had been taken in said cause until after the trial of the cause in the Circuit Court.

So in the case at bar. No notice came to the plaintiff in error until more than two years after his final report had been approved, and the defendant in error had endeavored to perfect an appeal from the order approving said final report. The Court in deciding the *McFarland* case *supra,* says:

"In this case the appeal was irregularly and improperly taken. Section 43 of chap. 64 of the Guardian and Ward Act provides that the court shall direct the character of the bond and security to be given; and section 187 of chap. 37 provides that the appellant shall give bond and security in such amount and upon such. conditions as the court shall approve."

It will be found, upon reading section 43 of chapter 64 (J. & A. ¶ 6040) that it is in the identical words of section 40 of chapter 86 of the Lunatic Act, and that the section 187 referred to is the same as section 226, which we have already cited. The Court goes on to say that, in its opinion:

"It is the court that is to direct and approve, and not the judge of the court acting after the close of the term and in vacation. The appeal should be allowed and an order made directing the character of the bond and security, at the term at which the judgment is rendered; and not at a subsequent term, when the court no longer has jurisdiction of the subject matter of the controversy, and when the opposing party in interest is not in court, otherwise the right of an appellee would always be in jeopardy, litigations would become complicated, and fraud, oppression, and injustice would be the inevitable results."

The reasoning of the Court in that case seems to us to be directly applicable to the case at bar. We have already expressed the opinion that under the statute of our State the appeal to the Circuit Court must be formally prayed and a formal order entered allowing said appeal. This must be done at the term of the court that the order was entered, from which it is sought to take an appeal; the record showing that the law not having been complied with in that respect, there was no appeal perfected, and the Circuit Court was without jurisdiction to enter the decree complained of. The plaintiff in error in this case entered a special appearance for the purpose of moving to set aside the judgment and dismiss the appeal therein. This did not confer any jurisdiction upon the Circuit Court other than to pass on plaintiff in error's motion to dismiss the appeal.

Inasmuch as our decision on this point disposes of the case, we will not concern ourselves with any of the other reasons assigned by plaintiff in error.

As we are of the opinion that no appeal had been perfected, and as the Circuit Court was without jurisdiction, the judgment of the Circuit Court will be reversed without remanding.

*Reversed.*